IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-CV-301-D

| | |
|---|---|
| TYROME BEST,<br><br>    Plaintiff/Claimant,<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the Court on the parties' cross motions for judgment on the pleadings. Claimant Tyrome Best seeks judicial review of the Commissioner's denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). After a thorough review of the record and consideration of the briefs submitted by counsel, the Court recommends denying Claimant's Motion for Judgment on the Pleadings [DE-18], and granting Defendant's Motion for Judgment on the Pleadings [DE-21].

## STATEMENT OF THE CASE

On January 14, 2004, Claimant filed an application for SSI, and on January 22, 2004 he filed an application for DIB. He claimed that he became disabled as of October 29, 2001[1] due to a back condition, diabetes, high blood pressure, depression and anxiety, a sleep disorder, and arthritis. Claimant's application was denied initially and upon reconsideration. Claimant then requested a hearing before an Administrative Law Judge ("ALJ"), which took place on July 12, 2005. After the hearing, on August 31, 2005, the ALJ

---

[1] Plaintiff originally claimed that he became disabled as of October 29, 2001 (R. 55); however, during the administrative hearing he amended his alleged onset date to February 19, 2004 (R. 325).

issued a decision denying plaintiff's claims. The Appeals Council denied Claimant's request for review on July 7, 2006, rendering the ALJ's decision a "final decision" for purposes of judicial review. See Walls v. Barnhart, 296 F.3d 287, 289 (4th Cir. 2002) (noting that when the Appeals Council denies a request for review, the underlying decision by the ALJ becomes the agency's final decision for purposes of appeal). Claimant timely commenced the instant action pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

**I.     The Standard of Review and Social Security Framework**

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987); see also 42 U.S.C. § 405(g) (2006). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This Court must not weigh the evidence, as it lacks the authority to substitute its judgment for that of the Commissioner. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, in determining whether substantial evidence supports the Commissioner's decision, the Court's review is limited to whether the ALJ analyzed all of the relevant evidence and whether the ALJ sufficiently explained his or her findings and

2

rationale in crediting the evidence. See Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. See 20 C.F.R. §§ 404.1520 and 416.920. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. If the claimant is not engaged in substantial gainful activity, then at step two the ALJ determines whether the claimant has a severe impairment or combination of impairments which significantly limit him or her from performing basic work activities. If no severe impairment is found, the claim is denied. If the claimant has a severe impairment, at step three the ALJ determines whether the claimant's impairment meets or equals the requirements of one of the Listings of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. If the impairment meets or equals a Listing, the person is disabled per se.

If the impairment does not meet or equal a Listing, at step four the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his or her past work despite the impairment; if so, the claim is denied. However, if the claimant cannot perform his or her past relevant work, at step five the burden shifts to the Commissioner to show that the claimant, based on his or her age, education, work experience and RFC, can perform other substantial gainful work. The Commissioner often attempts to carry its burden through the testimony of a vocational expert (VE), who testifies as to jobs available in the economy based on the characteristics of the claimant.

In this case, Claimant alleges the following errors: (1) failure by the ALJ to properly evaluate the evidence; (2) failure by the ALJ to find that Claimant was fully credible; and

(3) improper RFC determination by the ALJ. Additionally, Claimant argues that the case should be remanded for consideration of new and material evidence.

## II.     The ALJ's Findings

In making the decision in this case, the ALJ proceeded through the five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520 and 416.920, and found that Claimant had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. (R. 19). Then, the ALJ proceeded to step two to determine whether Claimant had a "severe" impairment or combination of impairments which significantly limited him from performing basic work activities. See 20 C.F.R. §§ 404.1520(b) and 416.920(b). The ALJ found that Claimant suffered from the severe impairments of degenerative disc disease, degenerative joint disease, diabetes mellitus, hypertension, sleep apnea, obesity, and a depressive disorder. (R. 20). However, at step three the ALJ determined that Claimant's impairments were not severe enough to meet or medically equal one of the impairments listed in 20 C.F.R. § 404, Subpart P, App. 1. (R. 20). Next, the ALJ determined Claimant's RFC by considering all of his subjective complaints and reviewing his medical records, and concluded that he had the ability to perform a wide range of light, unskilled work activity. (R. 24). At step four, the ALJ found that Claimant had past relevant work experience as a maintenance mechanic and production machine tender. (R. 25). At step five, the ALJ determined that although Claimant could not return to his past relevant work, he could perform the work of a cashier II, parking lot attendant, and office helper. (R. 26). As a result, the ALJ found that Claimant was not under a "disability," as defined in the Social Security Act, at any time prior to the date of his decision. (Id.).

4

### III. The Administrative Hearing

#### A. Claimant's Testimony at the Administrative Hearing

Claimant testified at his administrative hearing. (R. 326-46). Claimant was 51 years old at the time of the hearing. (R. 326). He has a driver's license and does not have difficulty driving. (Id.). Claimant stated that he is six feet two inches tall and weighs 340 pounds. (R. 327). Claimant lives with his wife, who works as a nurse's assistant. (R. 328). They own their house, which his wife inherited. (Id.). Claimant completed high school and one year of classes at Wayne Community College. (Id.). He stopped attending college because he needed to work. (R. 329). Claimant also served three years in the Army as a military policeman. (Id.).

Claimant stated that he does not currently have any income, although he applied for disability benefits and a pension from the Department of Veterans Affairs (VA). (Id.). At the time of the hearing, Claimant had not yet heard from the VA regarding his application. (Id.). Claimant and his wife subsist on his wife's earnings. (Id.). Claimant worked for the same company as an assembly line mechanic and machine operator from 1976 until October 2001 when he was laid off due to downsizing. (R. 330). His job required frequent standing and lifting and no sitting. (R. 331). Claimant was required to lift up to 100 pounds occasionally and more than 50 pounds frequently. (R. 332). That job also required frequent bending and squatting. (Id.).

Claimant began having some pain in his back and hip prior to his alleged onset date [February 19, 2004]. (R. 333). He saw Dr. Myers and Dr. Warren about this pain and Dr. Myers ordered that x-rays be done. (Id.). In February 2004, the Social Security Administration (SSA) sent Claimant for an x-ray, and then in June 2004 the VA took more

5

x-rays. (R. 334). The doctor from the VA told Claimant that his x-rays showed arthritis in his lower back and hips. (Id.). Claimant was given medication for the pain and told he needed to lose weight. (Id.). Claimant's doctor did not discuss surgery as an option. (R. 335). Claimant has been unable to lose any weight. (Id.).

Claimant testified that he has also been treated for depression at the VA. (Id.). This depression is caused by Claimant's pain and feelings that he is unable to work or do anything. (Id.). Claimant also has trouble sleeping at night due to his pain. (R. 335-36). He gets out of bed about every hour to walk and sit in an effort to alleviate some of the pain in his back and hips. (R. 336). When Claimant gets up in the mornings he is very tired, has headaches, and his chest feels tight. (Id.). Claimant tries to nap during the day when he can. (Id.).

Claimant also stated that he has trouble sitting and standing for long periods of time. (R. 336-37). Claimant is unable to walk far, but is unsure how far because he has not attempted to do so in a long time. (R. 337). He was able to walk from the parking lot in to the hearing, but had to stop for a little break. (Id.). At home Claimant watches television and reads scriptures from his Bible. (R. 337-38). He also attends church on occasion, but has difficulty sitting through the service due to his hip pain. (R. 338). Claimant does not visit family or friends and no longer has any hobbies. (R. 339). Claimant is able to perform some activities of daily living. (Id.). He can bath and dress himself and is able to do some light housework on his good days. (Id.).

Claimant testified that he receives all of his medical care through the VA. (R. 340). After complaining to his doctor about his back pain, the doctor told him to lose weight. (Id.). He takes medication for his back pain, hypertension, and diabetes, which help somewhat

6

with those conditions. (R. 340-41). Claimant indicated that his worst pain is in his lower back and left hip. (R. 341). The pain is constant, although the intensity varies. (Id.). Claimant must often change his position from sitting to standing or lying to find the most comfortable position. (R. 342). Claimant takes Diclofenac for his pain twice a day, which helps, but does not completely alleviate the pain. (R. 343). When Claimant complains to his doctor about his pain, the doctor's response is always that Claimant needs to lose weight. (R. 344). Claimant stated that he's tried to watch what he eats, but it's very hard because he's diabetic. (R. 344-45).

When Claimant was working at the manufacturing plant, he did have some back pain, but after being laid off from the plant, his pain has worsened. (R. 345). Claimant now has some numbness in his left leg. (R. 345-46).

### B. The Vocational Expert's Testimony at the Administrative Hearing

Julie Sawyer-Little testified as a VE at the administrative hearing. (R. 346-48). The VE testified that she had not had any past professional or social contact with Claimant, nor had she had any discussions about the merits of his case. (R. 346). The VE described Claimant's past work as a maintenance mechanic as heavy work with a Specific Vocational Preparation (SVP) of 7 and a Dictionary of Occupational Title (DOT) code of 638.281-014 and. (R. 347). She described Claimant's past work as a production machine tender as medium work with an SVP of 2 and a DOT code of 619.365-010. (Id.). The VE then stated that from the maintenance mechanic job there would be some mechanical and electronic skills that would be transferable to light work, such as an electronics assembler job which is considered light, semi-skilled work. (Id.). The ALJ then posed the following hypothetical:

7

> [a]ssuming an individual, age 51, with at least a high school education and past relevant work experience as described for the claimant. Let's assume an exertional capacity for light work with a sit/stand option. Would there be any occupations that such an individual could perform?

(Id.). The VE responded in the affirmative. (Id.). According to the VE, such an individual could perform the jobs of a cashier II, with an SVP of 2 and a DOT code of 211.462-010, parking lot attendant, with an SVP of 2 and a DOT code of 915.473-010, and office helper, with an SVP of 2 and a DOT code of 239.567-010. (R. 347-48). Those jobs mentioned by the VE existed in significant numbers in both the local and national economies. (Id.). The ALJ then added an additional limitation, that the hypothetical claimant could only perform simple, routine, repetitive tasks, and the VE indicated that such an individual would still be able to perform the three jobs listed. (R. 348). If the hypothetical claimant had to change positions form sitting to standing every fifteen minutes, the VE stated that there would not be any jobs available that such a person could perform. (Id.).

## IV.    Claimant's Arguments

### A.    Evaluation of the Evidence

#### 1.    Consideration of the Entire Record

Claimant argues that the ALJ did not fairly evaluate the evidence, but instead relied only on the parts of the record that supported denial of benefits and ignored the remainder of the record. Claimant specifically contends that the ALJ did not consider the statements or opinions from other sources, including a VA staff social worker and a nurse, and that he ignored medical records indicating that Claimant suffered from chronic pain. The Court disagrees.

8

The ALJ clearly made note that he considered the entire record prior to making his determination. (R. 18). Then, in five single-spaced typed pages, he summarized the majority of Claimant's medical records as well as Claimant's testimony. (R. 20-24). The ALJ was not required to comment on every piece of evidence in the record. E.g., Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005); Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir. 1989). While there is evidence in the record to suggest that Claimant suffers from chronic pain, there is also evidence that shows that Claimant's symptoms, while chronic, were not constant. (R. 207, 276). Accordingly, the ALJ properly considered all the evidence in the record and his decision is supported by substantial evidence.

### 2. Evaluation of Claimant's Obesity

Claimant also argues that the ALJ failed to consider the limiting effects of his obesity. Specifically, Claimant contends that the ALJ did not properly take into account Claimant's obesity (1) in considering whether any of Claimant's impairments, whether along or in combination, met or equaled any of the Listings; and (2) in determining Claimant's RFC. The Court disagrees.

Social Security Ruling (SSR) 02-1p addresses how the ALJ should evaluate obesity. 2002 SSR LEXIS 1. Obesity should be considered in determining whether

- The individual has a medically determinable impairment. . .
- The individual's impairment(s) is severe. . .
- The individual's impairment(s) meets or equals the requirements of a listed impairment in the listings. . .
- The individual's impairment(s) prevents him or her from doing past relevant work and other work that exists in significant numbers in the national economy.

9

2002 SSR LEXIS 1. Here, the ALJ properly considered Claimant's obesity in each of the steps as outlined in SSR 02-1p. First, the ALJ found that Claimant had the medically determinable and severe impairment of obesity, along with degenerative disc disease, degenerative joint disease, diabetes mellitus, hypertension, sleep apnea, and a depressive disorder. (R. 20). Next, he proceeded to discuss whether any of Claimant's impairments alone met the criteria for any of the Listings. (Id.). After concluding that they did not, the ALJ considered Claimant's impairments in combination when he stated that "[t]he claimant's conditions are not manifested by other clinical findings indicating a level of severity comparable to the criteria of those Listings and, therefore, his conditions can not be found to medically equal the Listings." (Id.). Finally, the ALJ discussed Claimant's obesity in determining his RFC noting that "claimant does not have any functional limitations directly attributable to his obesity such as impairment in ambulation, performing postural changes, or performing fine and gross manipulative activities." (R. 21-22).

Claimant contends that the ALJ erred in not finding that his obesity in combination with his other impairments equaled one of the Listings, reasoning that because the majority of his impairments are "associated with obesity," then his obesity affects all of his impairments. Pl. Mem. 10. However, merely because Claimant's obesity may have caused some of his other impairments does not mean that Claimant meets or equals any of the Listings.

Claimant also contends that the ALJ erred by improperly "finding that [Claimant's] doctors have encouraged him to lose weight 'but he has not done so.'" Pl. Mem. 15. Claimant argues that this statement shows that the ALJ improperly held Claimant's inability to lose weight against him. Id. 16. However, a plain reading of the ALJ's decision indicates

10

that this statement is merely part of a recitation of facts in Claimant's medical record along with Claimant's testimony. (See R. 21). The ALJ's focus is on the fact that Claimant's obesity does not appear to cause functional limitations. (See R. 21-22). Accordingly, the ALJ properly considered Claimant's obesity and his findings regarding Claimant's obesity are supported by substantial evidence.

### B. Credibility Determination

Claimant argues that substantial evidence does not support the ALJ's finding that Claimant's allegations of functional restrictions are not fully credible. The Court disagrees.

In assessing a claimant's credibility, the ALJ must follow a two step process. First the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Next, the ALJ must evaluate the claimant's statements regarding those symptoms. Id. at 595. The Social Security regulations require that an ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." S.S.R. 96-7p. When an ALJ fails to specify the reasons for an adverse credibility determination, remand is appropriate. See Ivey v. Barnhart, 393 F.Supp.2d 387, 390 (E.D.N.C. 2005) (concluding that remand was appropriate because the ALJ failed to adequately explain the basis of his credibility determination).

Here, the ALJ found that "claimant's allegations of functional limitations are not supported by the longitudinal record" (R. 23). The ALJ provided specific reasons for his adverse credibility findings. First, the ALJ noted specific medical findings in the record that

11

indicate that Claimant's degenerative disc disease and arthritis are not disabling. (Id.). The ALJ pointed out that Claimant told his physicians that "he only gets back and hip pain occasionally." (Id.). Next, the ALJ addressed Claimant's diabetes, hypertension, and sleep apnea, noting that those impairments had not caused any medical complications. (Id.). Claimant did not have signs of respiratory insufficiency or focal neurological abnormalities nor did he have obesity-related functional limitations. (Id.). With regard to Claimant's mental impairments, the ALJ pointed out of that Claimant's depression had been relieved with medication. (R. 24); see Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling"). Additionally, Claimant testified that he is able to adequately and independently perform activities of daily living. (Id.); see Hines, 453 F.3d at 565 (noting that testimony regarding daily living activities which is supported by record evidence, can be used to discredit a claimant's testimony regarding pain and symptoms).

The fact that Claimant can point to other evidence in the record that supports his claimed limitations does not diminish the ALJ's analysis. When conflicting evidence is presented, it is up to the ALJ to resolve those inconsistencies. Hays, 907 F.2d at 1456. It is not the responsibility of this Court to determine the weight of the evidence. Id. Here, the ALJ pointed to evidence in the record to support his conclusion that Claimant was not totally credible. Therefore, he satisfied his duty under the applicable regulations and law and did not err in finding Claimant not fully credible.

### C. RFC Determination

Claimant argues that the RFC determination is improper because the ALJ did not account for his limitations caused by his vision, obesity, sleep apnea, and depression. The Court is unpersuaded.

The ALJ fully addressed each of Claimant's alleged impairments–including obesity, sleep apnea, and depression. (R. 20-24). However, as previously discussed, the ALJ did not find Claimant's testimony regarding his functional limitations to be fully credible. (R. 24). Claimant did not allege any vision impairments, and after reviewing the record (R. 18) the ALJ did not find Claimant's vision problems to be a severe impairment (R. 19). This decision is supported by the record, which indicates that Claimant was prescribed glasses for his vision problems on January 7, 2005. (R. 226-28, 292). Although a social worker stated that on February 25, 2005 Claimant had difficulty seeing paperwork he was attempting to complete (R. 281), there is no indication of whether Claimant was wearing his glasses on that date and no further medical records to support continued vision impairment.

In making his RFC determination, the ALJ considered Claimant's physical abilities. (R. 24). For example, he found that Claimant could lift and carry 20 pounds occasionally and 10 pounds frequently, and could sit, stand, and walk for up to six hours each in an 8-hour workday. (Id.). However, the ALJ accounted for some physical limitations when he found that Claimant would require a work environment that would give him a sit/stand option. (Id.). The ALJ also considered Claimant's mental abilities. (Id.). He noted that Claimant had a "decreased ability to concentrate on and attend to work tasks" and limited him to performing only simple, routine, repetitive tasks. (Id.). Only after that assessment

did the ALJ conclude that Claimant could perform light work. (Id.). Accordingly, the ALJ's RFC determination is supported by substantial evidence.

## D. New and Material Evidence Presented to Appeals Council

Finally, Claimant contends that new and material evidence–his VA pension paperwork and VA disability rating–which was presented to the Appeals Council, requires remand for consideration by the ALJ. The Court disagrees.

Claimant relies on the standard set forth in 42 U.S.C. § 405(g), which requires a district court to remand a case for new and material evidence when there is good cause for failure to incorporate the evidence into the record in a prior proceeding. 42 U.S.C. § 405(g) (sixth sentence). Here, Claimant did incorporate the evidence into a prior proceeding by submitting it to the Appeals Council. (See R. 8). Therefore, the evidence is not new and does not fall under the standard articulated in 42 U.S.C. § 405(g).

Claimant also relies on Social Security Ruling 06-3p, which was adopted approximately two years following the ALJ's decision, and provides guidance for dealing with the disability decisions of other agencies. 71 Fed. Reg 45593 (Aug. 9, 2006). The ruling states that the Commissioner must consider other agencies' disability decisions, although they are not binding. Id. at 45596. The ruling indicates that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases," however, no similar requirement for explanation is imposed on the Appeals Council. Id. at 45597.

Here, the Appeals Council considered the additional evidence, but denied Claimant's request for review. (R. 5). This Court has considered the additional evidence in determining whether the ALJ's decision is supported by substantial evidence and concludes

14

that substantial evidence does support the ALJ's decision. See King v. Barnhart, 415 F. Supp. 2d 607, 612 (E.D.N.C. 2005) (although certain evidence was submitted only to the Appeals Council, the court considered that evidence along with the rest of the administrative record in determining whether the ALJ's decision was supported by substantial evidence). Accordingly, remand for reconsideration of the additional evidence is not required.

## **CONCLUSION**

Accordingly, because there is substantial evidence to support the findings of the ALJ, the Court **RECOMMENDS** that Claimant's motion for judgment on the pleadings be **DENIED** and defendant's motion for judgment on the pleadings be **GRANTED**. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 25th day of October, 2007.

DAVID W. DANIEL
United States Magistrate Judge