IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESETRN DIVISION
No. 5:06-CV-301-D

| | | |
|---|---|---|
| TYROME BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Tyrome Best ("plaintiff" or "claimant") appeals the Commissioner of Social Security's ("Commissioner") final decision denying plaintiff's application for disability insurance benefits and supplemental security income payments (collectively, "benefits"). Magistrate Judge Daniel issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, the Commissioner's motion for judgment on the pleadings be granted, and the final decision of the Commissioner be affirmed. Plaintiff objected to the M&R, and the Commissioner responded. As explained below, the court overrules the objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)) (alteration in original &

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security. Accordingly, Michael J. Astrue is substituted as the official-capacity defendant. See Fed. R. Civ. P. 25(d) (2007).

emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In reviewing the objections to the M&R, the court applies the same legal standard that Judge Daniel discussed in the M&R. See M&R 2–3. Specifically, the court "must uphold the factual findings of the [administrative law judge] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see 42 U.S.C.A. § 405(g) (West Supp. 2007). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

II.

On July 12, 2005, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. See R. at 322–49. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. §§ 404.1520, 416.920 (2007). Essentially, this process requires the ALJ to consider whether a claimant (1) is engaged in substantial gainful employment; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to his past relevant work; and (5) if not,

2

whether he can perform other work in light of his age, education, work experience, and RFC. See M&R 3; R. at 19. The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On August 31, 2005, the ALJ denied plaintiff's application for benefits. R. at 18–27. At step one in the five-step process, the ALJ found that plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. Id. at 19. Next, the ALJ determined that plaintiff had the severe impairments of degenerative disc disease, degenerative joint disease, diabetes mellitus, hypertension, sleep apnea, obesity, and a depressive disorder. Id. at 19–20. At step three, the ALJ found that plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the criteria of a listed impairment under 20 C.F.R. § 404, Subpart P, App. 1. Id. At step four, the ALJ evaluated plaintiff's testimony and the medical evidence and determined that plaintiff possessed the RFC to perform a wide range of light, unskilled work. Id. at 20–25. Based on plaintiff's RFC, the ALJ found that plaintiff could not return to his past relevant work. Id. at 25. At step five, the ALJ relied on the testimony of a vocational expert ("VE") and concluded that a significant number of jobs existed in the national economy for a person with plaintiff's RFC and personal characteristics. Id. at 25–26. Accordingly, the ALJ concluded that plaintiff was not disabled. Id. at 26.

On July 7, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. See id. at 5–7. Before issuing its decision, plaintiff submitted and the Appeals Council received the Department of Veterans Affairs' ("VA") decision dated November 29, 2005, finding plaintiff disabled. See id. at 8. On August 2, 2006, plaintiff filed this action, and the parties thereafter filed cross motions for judgment on the pleadings. On October 25, 2007, Judge Daniel issued a thorough M&R rejecting plaintiff's arguments.

3

III.

Plaintiff asserts that the ALJ erred by: (1) failing to acknowledge the VA's November 29, 2005 decision finding plaintiff to be disabled; and (2) failing to consider the evidence both as a whole and as specifically concerning plaintiff's credibility and severity of his obesity.

A.

First, plaintiff contends that the M&R wrongfully failed to remand the case to the ALJ to permit the ALJ to consider the VA disability decision. See Objs. to M&R 2–3. As mentioned, the VA issued its disability decision after the ALJ had issued his decision, but before the Appeals Council denied plaintiff's request for review.

Plaintiff relies on the wrong legal standard. See M&R 14. Plaintiff cites Owens ex rel. Metcalf v. Barnhard, 444 F. Supp. 2d 485, 493 (D.S.C. 2006), for the proposition that an ALJ must consider other federal agencies' decisions and grant them some weight. See Objs. to M&R 2–3. In Owens, the court remanded the matter to the ALJ for failure to discuss a VA decision and its underlying evidence that had accrued during the same relevant period. Metcalf, 444 F. Supp. 2d at 493. However, where as here, a claimant submits a subsequently decided VA disability decision to the Appeals Council, see R. at 8, the standard under 42 U.S.C. § 405 requiring remand for good cause no longer applies. See 42 U.S.C. § 405(g). Additionally, assuming that Social Security Ruling 06-03p, 2006 WL 2329939 (Aug. 9, 2006), applies, there is no requirement for the Appeals Council (unlike the Commissioner) to explain the consideration, if any, given to other federal agencies' decisions.[2] See id. at *6–*7.

---

[2] The ALJ and the Appeals Council issued their respective decisions before August 9, 2006 — the effective date of Social Security Ruling 06-03p, 2006 WL 2329939 (Aug. 9, 2006).

4

Here, the Appeals Council considered the VA decision, but denied plaintiff's request for review. R. at 5. The court has reviewed the VA decision, see id. at 301–05, and finds that substantial evidence supports the ALJ's findings. No remand is necessary. Accordingly, plaintiff's objection is overruled. See Craig, 76 F.3d at 589; King v. Barnhart, 415 F. Supp. 2d 607, 612 (E.D.N.C. 2005).

B.

Plaintiff next argues that the M&R erred in affirming the ALJ's evaluation of the evidence. See Objs. to M&R 3–6. Specifically, plaintiff alleges that the ALJ failed to consider the evidence as whole, as required by Social Security Ruling 06-03p. Id. at 3–4. Plaintiff also contends that the ALJ erred in determining plaintiff's credibility and failed to adequately consider the effects of his obesity in determining his RFC. Id. at 4–6.

Under the substantial evidence standard, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. The court's inquiry ends if the ALJ's factual findings are reached through application of the correct legal standard and are supported by substantial evidence. Id. Moreover, an ALJ is not required to comment on every piece of evidence in the record. See, e.g., Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam); Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir. 1989). Here, the ALJ specifically indicated that he considered the entire record. R. at 18. The ALJ then meticulously reviewed and summarized plaintiff's medical records, course of treatment, and plaintiff's testimony. Id. at 20–24. The ALJ properly considered all the evidence in the record, and his decision is supported by substantial evidence.

Turning to plaintiff's specific arguments, in determining the credibility of a plaintiff's

5
Case 5:06-cv-00301-D   Document 31   Filed 01/03/08   Page 5 of 7

testimony, the ALJ must consider the entire case record, including objective medical evidence, the individual's statements, and other information provided by treating and examining physicians. See Soc. Sec. Rul. 96-07p, 1996 WL 374186, at *4–*5 (July 2, 1996) (identifying factors to be considered in assessing the credibility of the claimant's statements about symptoms). Here, the ALJ considered plaintiff's testimony and fully explained the reasons for discounting plaintiff's credibility. R. at 22–23. Specifically, the ALJ noted several discrepancies between plaintiff's hearing testimony, his statements made to treating and examining physicians, and his actual medical course of treatment. Id. at 23–24. Simply because claimant can identify other evidence in the record supporting his alleged impairments does not diminish the ALJ's analysis. See, e.g., Piney Mountain Coal Co. v. Mays, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (ALJ need not discuss every piece of evidence in making credibility determination). When conflicting evidence is presented, it is the province of the ALJ, and not this court, to resolve those inconsistencies. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The court finds that substantial evidence supports the ALJ's credibility determination.

In considering plaintiff's obesity, Social Security Ruling 02-01p, 2000 WL 628049 (Sept. 12, 2002), sets forth the appropriate standard. The ALJ should consider a claimant's obesity in making a number of determinations, including whether the individual has a medically determinable impairment, the severity of the impairment, whether the impairment meets or equals the requirements of a listed impairment, and whether the impairment prevents the claimant from doing his past relevant work or other work in the national economy. Soc. Sec. Rul. 02-01p, 2000 WL 628049, at *3. The ALJ properly considered plaintiff's obesity in making each of these determinations. For example, the ALJ initially found that plaintiff had the medically determinable impairment of obesity, see R. at 20, but later found that plaintiff's impairments, singularly or in

6

combination, did not meet or medically equal one of the listed impairments, id. Additionally, the ALJ specifically stated that plaintiff was "diagnosed with obesity" and concluded that plaintiff "does not have any functional limitations directly attributable to his obesity." Id. at 21. In sum, substantial evidence supports the ALJ's analysis of obesity. Accordingly, because substantial evidence supports the ALJ's analysis of the evidence, as a whole and as concerning ALJ's credibility determination and effects of plaintiff's obesity, plaintiff's objection is overruled. See Craig, 76 F.3d at 589.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the final decision of the Commissioner is AFFIRMED.

SO ORDERED. This _3_ day of January 2008.

JAMES C. DEVER III
United States District Judge